**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 27, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

In re:  JEFFREY SHAWN REGAN
and KERRIE MARIE REGAN,

      Debtors,

_____

FOWLER & PETH, INC., a Wyoming
corporation,

      Plaintiff - Appellant,

   v.

JEFFREY SHAWN REGAN and
KERRIE MARIE REGAN,

      Defendants - Appellees,

_____

CRESCENT ELECTRIC SUPPLY
COMPANY; HERCULES
INDUSTRIES, INC.; K & W METAL
FABRICATORS, INC., d/b/a Weather
Guard Building Products, Inc.;
SHELTER PRODUCTS, INC.;
WHITE CAP CONSTRUCTION
SUPPLY, INC.; AMERICAN
SUBCONTRACTORS
ASSOCIATION, INC.; and
AMERICAN SUBCONTRACTORS
ASSOCIATION OF COLORADO,

      Amici Curiae.

No. 05-1307

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. NO. 04-cv-1483-LTB)

Submitted on the briefs:[*]

Harvey L. Kramer and Brian J. Berardini, Brown, Berardini & Dunning, P.C., Denver, Colorado, for Appellant.

Stephen E. Berken and Jennifer O. Pielsticker, Law Offices of Stephen Berken, Denver, Colorado, for Appellee.

Robert H. ("Rick") Miller, David B. Law, W. Andrew Figel, Lichtenfels, Pansing & Miller, P.C., Denver, Colorado, and Gilbert R. Egle, Preeo, Silverman, Green & Egle, P.C., Denver, Colorado, filed a brief on behalf of amici.

Before **BRISCOE**, **ANDERSON**, and **EBEL**, Circuit Judges.[**]

**ANDERSON**, Circuit Judge.

This case is before us following our certification of a dispositive issue of state law to the Colorado Supreme Court. Plaintiff and appellant Fowler & Peth,

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

[**]Judge Robert H. McWilliams was assigned to this matter originally but recused prior to the court's certification to the Colorado Supreme Court.

Inc. appeals a decision of the United States District Court for the District of Colorado reversing the Bankruptcy Court's determination that a debt owed to Fowler & Peth by debtors Jeffrey Shawn Regan and Kerrie Marie Regan was nondischargeable under 11 U.S.C. § 523(a)(4). The question of whether the debt was dischargeable or not depended, in turn, on the proper construction of a Colorado statute known as the Colorado Mechanic's Lien Trust Fund Statute. The Colorado Supreme Court has furnished us with the proper construction of that statute, as a result of which we reverse the decision of the district court and remand this case to that court for further proceedings.

The basic facts relevant to this matter are undisputed. The Regans are, or were at all relevant times, the sole shareholders, officers and directors of Eagle Roofing, Inc., a Colorado corporation specializing in the installation and repair of roofs. As the sole owners and operators of Eagle Roofing, the Regans made all financial decisions relating to the company and controlled its cash flow.

During the course of its business, Eagle Roofing opened a credit account with Fowler & Peth, a Wyoming corporation which supplied roofing materials and supplies. In 2000, Eagle Roofing encountered financial difficulties. To improve its cash flow, the Regans made payments to Eagle Roofing's suppliers, including Fowler & Peth, based on the dates of the invoices, regardless of the project for which monies were allocated. Additionally, the Regans used some of the funds

-3-

allocated to projects to pay the Regans' personal living expenses and other general business expenses incurred by Eagle Roofing. As a result, Fowler & Peth was not fully paid for materials and supplies delivered to Eagle Roofing, even though Eagle Roofing was fully compensated for its work on the properties into which Fowler & Peth's materials were incorporated. Fowler & Peth did not file liens against any of the properties into which its supplies were incorporated.

On April 14, 2003, the Regans filed for Chapter 7 relief under the Bankruptcy Code. As of that date, Eagle Roofing owed Fowler & Peth $48,185.03. Fowler & Peth commenced an adversary proceeding, in which it asserted that the Regans should be held personally liable for the debt, and that the debt was nondischargeable under 11 U.S.C. § 523(a)(4).[1]

---

[1]Section 523(a)(4) prohibits the discharge of a debt "for fraud or defalcation while acting in a fiduciary capacity." We proceed on the assumption that the Trust Fund Statute creates a fiduciary relationship between Fowler & Peth and the Regans. While our circuit ordinarily does not cite unpublished decisions as authoritative precedent, we take this opportunity to adopt and publish the following unpublished opinion. "While 'the existence of a fiduciary relationship under § 523(a)(4) is determined under federal law,' state law is relevant to this inquiry. Under applicable federal principles, 'an express or technical trust must be present for a fiduciary relationship to exist under § 523(a)(4).' The Colorado construction lien statute creates such a trust." Mangum v. Siegfried (In re Siegfried), 5 Fed. Appx. 856, 859 (10th Cir. March 14, 2001) (unpublished) (quoting Fowler Bros. v. Young (In re Young), 91 F. 3d 1367, 1371 (10th Cir. 1996)); see also Stetson Ridge Assocs. v. Walker (In re Walker), 325 B.R. 598, 603 (D. Colo. 2005); Climax Molybendum Co. v. Specialized Installers, Inc. (In re Specialized Installers, Inc.), 12 B.R. 546, 551 (Bankr. Colo. 1981) ("Section 38-22-127 is unambiguous in its creation of a trust relationship.").

The Colorado Mechanic's Lien Trust Fund Statute, Colo. Rev. Stat.

§ 38-22-127, provides in relevant part as follows:

> **38-22-127. Moneys for lien claims made trust funds - disbursements - penalty.**
> (1) All funds disbursed to any contractor or subcontractor under any building, construction, or remodeling contract or on any construction project shall be held in trust for the payment of the subcontractors, laborer or material suppliers, or laborers who have furnished laborers, materials, services, or labor, who have a lien, or may have a lien, against the property, or who claim, or who may claim, against a principal and surety under the provisions of this article and for which such disbursement was made.

The Regans argued that because Fowler & Peth failed to exercise its mechanic's lien rights when it was not paid, it could not "have a lien" under the Trust Fund Statute.

The Bankruptcy Court rejected the Regans' argument, holding that "the language of the [Trust Fund Statute] appears to provide wronged laborers and materialmen with a second source of protection and relief, separate and apart from the traditional mechanic's lien practice." Fowler & Peth, Inc. v. Regan (In re Regan), 311 B.R. 271, 276 (Bankr. Colo. 2004). It explained its reasoning by stating that the "statutory interpretation urged by the Regans, namely, that Fowler must have perfected its interest by filing a mechanic's lien to fall within the [Trust Fund Statute], vitiates the '*may have a lien*' portion of the statute . . . . as if it did not exist." Id. The court therefore held that "if Fowler can establish it

had the 'potential' for a lien, this portion of the [Trust Fund Statute] is satisfied."

Id.

The Regans appealed the Bankruptcy Court's decision to the United States District Court for the District of Colorado, which reversed the Bankruptcy Court's decision and remanded the case with directions to order that the $48,185.03 debt owed to Fowler & Peth was dischargeable. The district court agreed with the Regans' argument that Fowler & Peth cannot invoke the Trust Fund Statute because it failed to demonstrate that it has actual perfected or potential perfectible liens against properties which contain its materials. Fowler & Peth appealed that decision to this court.[2] We certified the following question to the Colorado Supreme Court:

> Must a subcontractor, laborer, material supplier, or any other interested party seeking to invoke the protection of, or enforce any rights available under, Colo. Rev. Stat. § 38-22-127 either have a perfected lien against property upon which he had performed labor or to which he has provided supplies or, if no such lien has been filed and/or perfected, must the time within which a lien may be filed under Colo. Rev. Stat. §§ 38-22-109 and -110 not have expired?

The Colorado Supreme Court answered that question in the negative: "the procedural requirements for perfecting a lien contained in sections 38-22-109 and

---

[2]The Regans filed a motion to dismiss the appeal to our court as untimely filed. That motion was referred to the panel on the merits. The motion was denied in our order certifying the question of the interpretation of the Trust Fund Statute to the Colorado Supreme Court.

110 do not apply to claims against money held in trust under section 38-22-127."

Fowler & Peth, Inc. v. Regan (In re Regan), 2007 WL 315115, at *1 (Colo.

Feb. 5, 2007). This answer is clear and requires us to remand this case to the

district court for further proceedings.

For the foregoing reasons, we REVERSE and REMAND for further

proceedings.